In the Matter of the Estate of JACOB K. WHEELER, Deceased.

Surrogate's Court, Broome County, October 18, 1935.

*Jenkins, Deyo & Hitchcock* [*Martin W. Deyo* of counsel], for the executor.

*McManus & Buckley* and *Herbert H. Ray* for the widow, Lena R. Wheeler.

*Clarence L. Chamberlain,* special guardian for infants and residuary legatees.

BAKER, S.   It appears from the evidence that the decedent died without issue, leaving him surviving his said widow, Lena R. Wheeler, his brothers, Hebron Wheeler, John B. Wheeler and A. R. Wheeler, and a sister, Fannie Wheeler Watkins, as his only distributees.

His will, dated October 15, 1932, was admitted to probate by this court on April 15, 1935.   In and by said will the sole provision for his wife was the life use of his home.

The evidence shows that said decedent and his surviving spouse were married in 1918; that on January 18, 1932, Jacob K. Wheeler, the decedent, learned from a medical examination and Wasserman test that he was afflicted with syphilis, which information he communicated to his wife on the same day.   It further appears that his wife never cohabited with him after that date; that in June, 1932, she learned that she also was afflicted with said disease of syphilis; that she continued to reside with decedent until August of that year, when she left him  and went to Syracuse to reside; that prior to June, 1932, she had never had any symptoms to indicate that she was afflicted with any disease.   She further testified that her reason for leaving decedent was that he insisted that she cohabit with him in spite of the fact that he was afflicted with syphilis; that he continually annoyed her in this respect, her refusal to cohabit with him always causing arguments.

The executor, infants and residuary legatees oppose her application and assert that she has no right of election because of the provisions of subdivision 5 of section 18 of the Decedent Estate Law which says: " No wife who has abandoned her husband shall have the right of such an election."

The contention in this case, therefore, resolves itself into the question: Is such surviving spouse guilty of abandonment within the intent and meaning of said section?

After a careful analysis of the language of the section, I am forced to conclude that the term " abandonment " has not been given any

broader or different meaning than that given to it in an action brought under section 1161 of the Civil Practice Act to procure an affirmative judgment of separation. In this connection I would call attention to that sentence of the report of the Commission which says that " Such an abandonment * * * is intended, as our Courts uphold as sufficient to sustain a judgment of separation."

There seems to be a difference of opinion in the reported cases of surrogates as to the burden of proof. In *Matter of Sitkin* (151 Misc. 448) the learned surrogate there holds that the burden is upon the surviving spouse to show that she not only comes within the terms of section 18, but, furthermore, that she is not included in the exception set forth in subdivision 5. The contrary, however, is held in a later case (*Matter of Green*, 155 Misc. 641).

I am inclined to the reasoning in the latter case, that the burden of proving abandonment by a spouse is upon those who assert it and thereby hope to establish the right and privilege to take the intestate's property free from any claim of the spouse. I cannot conceive that the Legislature intended to put the burden of proof of a negative on a spouse claiming the right to elect, while placing the burden of proof of abandonment by a spouse on those who assert it to bar succession in a case of intestacy.

Under the facts in this case, it is quite clear that if the decedent had brought an action for a separation he could not in any event have succeeded in such an action.

I, therefore, hold that the facts in this case have failed to establish abandonment, and that the said surviving spouse is entitled to elect against decedent's will.

Decree to be entered accordingly, confirming as valid the election heretofore made by the said surviving spouse against the will of decedent.